Steven J. Moser (SM1133)
STEVEN J. MOSER, P.C.
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
Barbara J. Tortomas,

                                       Plaintiff,

Case No.: 18-CV-5098

**COMPLAINT**

                - *against* -

Pall Corporation,

                                       Defendant.
-------------------------------------------------------------------------X

Plaintiff Barbara Tortomas, her attorney, The Moser Law Firm, P.C., brings this action against Defendant Pall Corporation, and alleges as follows:

## NATURE OF CLAIM

1. This action is brought to recover overtime under the FLSA and the NYLL to recover unpaid overtime and straight wages owed to the Plaintiff. The Defendant Pall Corporation (Pall) misclassified the Plaintiff as exempt from the overtime requirements of the FLSA.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

1

## PARTIES

4. Pall Corporation is Inc. is a global supplier of filtration products headquartered in Port Washington, New York.

5. Defendant, Pall Corporation is a New York corporation.

6. Defendant, Pall Corporation maintains a principal executive office at 25 Harbor Park Drive, Port Washington, New York.

7. During the three year period preceding the filing of this complaint, Pall has continuously been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203(d).

8. For the each of the years 2016 and 2017, Pall had annual gross volume of sales made or business done of $500,000 or more.

9. For the six year period preceding the filing of this complaint and up to the present time, Pall has continuously been an employer within the meaning of the NYLL.

10. Plaintiff Barbara Tortomas is a natural person residing in the County of Nassau.

## FACTUAL ALLEGATIONS

11. The Plaintiff was employed at Pall's corporate headquarters all from December 1984 until June 30, 2017.

12. For more than six years prior to her last date of employment, Plaintiff held the title of "IT Administrator."

13. Despite her title of "IT Administrator" Plaintiff did not have any specialized knowledge of computer systems, computer design, or information technology systems.

14. Despite having the title of "IT Administrator", the plaintiff's duties did not include the duties of "a computer systems analysis, computer programmer, software engineer, or other similarly skilled worker" under 29 U.S.C. § 213(a)(17).

15. The Plaintiff's primary duties included preparing and distributing sales reports.

16. The Plaintiff was misclassified as an exempt employee by Pall for at least six years prior to her separation from employment with Pall.

17. Plaintiff was paid for the first 37.5 hours worked each week. A copy of a representative pay stub is annexed hereto as Exhibit 1.

18. Plaintiff's official schedule was 8:30 a.m. to 5:00 p.m., Monday through Friday.

19. Pall allotted and deducted 1 hour for lunch each day.

20. Plaintiff did not take a meal period. Instead, she worked through her lunch at her desk.

21. Plaintiff took a bona-fide lunch period only approximately once monthly.

22. As a result of working through her lunch each day, the Plaintiff's regular workweek was 42.5 hours.

23. In addition to her regular 42.5 hour workweek, the Plaintiff worked an additional average of three hours, twice monthly, from home or from the office.

24. Pall did not keep records of the hours worked by the Plaintiff.

25. Pall did not compensate the Plaintiff for overtime hours worked.

26. Regardless of the actual number of hours worked, Pall compensated the Plaintiff only for the first 37.5 hours of work.

## FIRST CAUSE OF ACTION
**Overtime Wages under the Fair Labor Standards Act**
**29 U.S.C. §§ 201,** *et seq.* **(29 U.S.C. §§ 207 & 216)**

27. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

28. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff.

29. Defendant was required to pay Plaintiff at a rate of one and one half her regular rate for all hours worked in excess of forty (40) hours in a workweek.

30. Defendant failed to pay Plaintiff for overtime hours worked.

31. Defendant either knew or acted with reckless disregard as to whether its conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988). Therefore, a three year statute of limitations applies., 29 U.S.C.S. § 255.

32. Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## SECOND CAUSE OF ACTION
**Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations**

33. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

34. Defendant was required to pay Plaintiff a rate of one and one half times her regular rate for all hours worked in excess of forty (40) hours in a workweek.

35. Defendant failed to pay Plaintiff overtime wages when she worked more than 40 hours per week.

4

36. Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## THIRD CAUSE OF ACTION
## Unpaid Straight Wages under New York Labor Law § 191

37. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

38. The Defendant paid the Plaintiff only for the first 37.5 hours worked each week.

39. The Plaintiff worked more than 37.5 hours each week.

40. As a result, the Defendant failed to pay plaintiff for all regular hours worked.

41. The Plaintiff is entitled to straight wages for hours worked up to 40 hours weekly under NYLL § 191.

42. Plaintiff is entitled to recover from the Defendant her unpaid straight wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Unpaid overtime pay under the FLSA and the NYLL;

B. Unpaid straight wages under the NYLL;

C. Liquidated damages under the FLSA;

D. Liquidated damages under the NYLL;

E. Reasonable attorney's fees and costs of the action;

F. Prejudgment interest; and

G. Such other relief as this Court shall deem just and proper.

Dated:  Glen Cove, New York
         September 5, 2018

                                        MOSER LAW FIRM, P.C.

                                        By:  Steven J. Moser
                                        3 School Street, Suite 207 B
                                        Glen Cove, New York 11542
                                        (516) 671-1150
                                        F (516) 882-5420
                                        smoser@moseremploymentlaw.com
                                        *Attorneys for Plaintiff*

## CONSENT

By my signature, I hereby give my consent to become a party plaintiff in the case of *Tortomas v. Pall Corporation* under the Fair Labor Standards Act.

Dated: 9.9.18

*Barbara Tortomas*
Barbara Tortomas