UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
BARBARA J. TORTOMAS,

           Plaintiff,

   -against-

PALL CORPORATION,

           Defendant.

------------------------------------------------------- X

Index No. 18-cv-5098

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant, PALL CORPORATION ("Pall" or "Defendant"), by and through its attorneys, Seyfarth Shaw LLP, hereby submits its Answer and Affirmative and Other Defenses to the Complaint of Plaintiff BARBARA J. TORTOMAS, as follows:

## NATURE OF CLAIM

**COMPLAINT ¶1:**

This action is brought to recover overtime under the FLSA and the NYLL to recover unpaid overtime and straight wages owed to the Plaintiff. The Defendant Pall Corporation (Pall) misclassified the Plaintiff as exempt from the overtime requirements of the FLSA.

**ANSWER:**

Pall admits that Plaintiff purports to bring this action to recover damages under the Fair Labor Standards Act ("FLSA"). Pall denies the remaining allegations in Paragraph No. 1, and it specifically denies that there remain any extant claims brought under the New York Labor Law ("NYLL") following the Court's Memorandum and Order, dated May 31, 2020 (the "Memorandum and Order"), dismissing such claims. *See* Dkt. 16.

## JURISDICTION

**COMPLAINT ¶2:**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Pall admits that this Court has jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  Pall denies the remaining allegations in Paragraph No. 2, and it specifically denies that there remain any extant claims brought under the NYLL following the Memorandum and Order.

**COMPLAINT ¶3:**

Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

**ANSWER:**

Pall admits that venue is proper and denies the remaining allegations in Paragraph No. 3.

**PARTIES**

**COMPLAINT ¶4:**

Pall Corporation is Inc. [sic] is a global supplier of filtration products headquartered in Port Washington, New York.

**ANSWER:**

Pall admits that it is, among other things, a supplier of filtration products and that its headquarters are located in Port Washington, New York.  Pall denies the remaining allegations in Paragraph No. 4.

**COMPLAINT ¶5:**

Defendant, Pall Corporation is a New York corporation.

**ANSWER:**

Pall admits the allegations in Paragraph No. 5.

**COMPLAINT ¶6:**

Defendant, Pall Corporation maintains a principal executive office at 25 Harbor Park Drive, Port Washington, New York.

**ANSWER:**

Pall admits allegations in Paragraph No. 6.

**COMPLAINT ¶7:**

During the three year period preceding the filing of this complaint, Pall has continuously been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203(d).

**ANSWER:**

Pall admits that it has employees engaged in commerce or in the production of goods for commerce. Pall denies the remaining allegations in Paragraph No. 7.

**COMPLAINT ¶8:**

For the each of the years 2016 and 2017, Pall had annual gross volume of sales made or business done of $500,000 or more.

**ANSWER:**

Pall admits the allegations in Paragraph No. 8.

**COMPLAINT ¶9:**

For the six year period preceding the filing of this complaint and up to the present time, Pall has continuously been an employer within the meaning of the NYLL.

**ANSWER:**

Pall admits that for the six years preceding the filing of the complaint in this action it was and is an employer within the meaning of the NYLL. Pall denies the remaining allegations in Paragraph No. 9, and it specifically denies that there remain any extant claims brought under the NYLL following the Memorandum and Order.

**COMPLAINT ¶10:**

Plaintiff Barbara Tortomas is a natural person residing in the County of Nassau.

**ANSWER:**

Upon information and belief, Pall admits the allegations in Paragraph No. 10.

**FACTUAL ALLEGATIONS**

**COMPLAINT ¶11:**

The Plaintiff was employed at Pall's corporate headquarters all [sic] from December 1984 until June 30, 2017.

**ANSWER:**

Pall admits that Plaintiff was employed at Pall's principal executive office from December 3, 1984 until June 30, 2017. Pall denies the remaining allegations in Paragraph No. 11.

**COMPLAINT ¶12:**

For more than six years prior to her last date of employment, Plaintiff held the title of "IT Administrator."

**ANSWER:**

Pall admits the allegations in Paragraph No. 12.

**COMPLAINT ¶13:**

Despite her title of "IT Administrator" Plaintiff did not have any specialized knowledge of computer systems, computer design, or information technology systems.

**ANSWER:**

Pall denies the allegations in Paragraph No. 13.

**COMPLAINT ¶14:**

Despite having the title of "IT Administrator", the plaintiff's duties did not include the duties of "a computer systems analysis, computer programmer, software engineer, or other similarly skilled worker" under 29 U.S.C. § 213(a)(17).

**ANSWER:**

Pall denies the allegations in Paragraph No. 14.

**COMPLAINT ¶15:**

The Plaintiff's primary duties included preparing and distributing sales reports.

4

**ANSWER:**

Pall admits that Plaintiff's primary duties included preparing and distributing sales reports, but denies that these were her only primary duties.

**COMPLAINT ¶16:**

The Plaintiff was misclassified as an exempt employee by Pall for at least six years prior to her separation from employment with Pall.

**ANSWER:**

Pall denies the allegations in Paragraph No. 16.

**COMPLAINT ¶17:**

Plaintiff was paid for the first 37.5 hours worked each week. A copy of a representative pay stub is annexed hereto as Exhibit 1.

**ANSWER:**

Pall denies the allegations in Paragraph No. 17.

**COMPLAINT ¶18:**

Plaintiff's official schedule was 8:30 a.m. to 5:00 p.m., Monday through Friday.

**ANSWER:**

Pall denies the allegations in Paragraph No. 17.

**COMPLAINT ¶19:**

Pall allotted and deducted 1 hour for lunch each day.

**ANSWER:**

Pall admits that Pall provided and Tortomas took 1 hour for lunch and denies the remaining allegations in Paragraph No. 19.

**COMPLAINT ¶20:**

Plaintiff did not take a meal period. Instead, she worked through her lunch at her desk.

**ANSWER:**

Pall denies the allegations in Paragraph No. 20.

**COMPLAINT ¶21:**

Plaintiff took a bona-fide lunch period only approximately once monthly.

**ANSWER:**

Pall denies the allegations in Paragraph No. 21.

**COMPLAINT ¶22:**

As a result of working through her lunch each day, the Plaintiff's regular workweek was 42.5 hours.

**ANSWER:**

Pall denies the allegations in Paragraph No. 22.

**COMPLAINT ¶23:**

In addition to her regular 42.5 hour workweek, the Plaintiff worked an additional average of three hours, twice monthly, from home or from the office.

**ANSWER:**

Pall denies the allegations in Paragraph No. 23.

**COMPLAINT ¶24:**

Pall did not keep records of the hours worked by the Plaintiff.

**ANSWER:**

Pall denies the allegations in Paragraph No. 24.

**COMPLAINT ¶25:**

Pall did not compensate the Plaintiff for overtime hours worked.

**ANSWER:**

Pall denies the allegations in Paragraph No. 25.

**COMPLAINT ¶26:**

Regardless of the actual number of hours worked, Pall compensated the Plaintiff only for the first 37.5 hours of work.

**ANSWER:**

Pall denies the allegations in Paragraph No. 26.

## FIRST CAUSE OF ACTION
## Overtime Wages under the Fair Labor Standards Act
## 29 U.S.C. §§ 201, *et seq.* (29 U.S.C. §§ 207 & 216)

**COMPLAINT ¶27:**

Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

**ANSWER:**

Pall repeats and incorporates by reference each and every response to each allegation and Paragraph of the Complaint above, as if fully restated here.

**COMPLAINT ¶28:**

The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff.

**ANSWER:**

Pall admits the allegations in Paragraph No. 28 except denies any violation of the FLSA with respect to Plaintiff.

**COMPLAINT ¶29:**

Defendant was required to pay Plaintiff at a rate of one and one half her regular rate for all hours worked in excess of forty (40) hours in a workweek.

**ANSWER:**

Pall denies the allegations in Paragraph No. 29.

**COMPLAINT ¶30:**

Defendant failed to pay Plaintiff for overtime hours worked.

**ANSWER:**

Pall denies the allegations in Paragraph No. 30.

**COMPLAINT ¶31:**

Defendant either knew or acted with reckless disregard as to whether its conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). Therefore, a three year statute of limitations applies., 29 U.S.C.S. § 255.

**ANSWER:**

Pall denies the allegations in Paragraph No. 31.

**COMPLAINT ¶32:**

Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

**ANSWER:**

Pall denies the allegations in Paragraph No. 32.

## SECOND CAUSE OF ACTION
## Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations

**COMPLAINT ¶33:**

Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

**ANSWER:**

Pall repeats and incorporates by reference each and every response to each allegation and

Paragraph of the Complaint above, as if fully restated here.

**COMPLAINT ¶34:**

Defendant was required to pay Plaintiff a rate of one and one half times her regular rate for all hours worked in excess of forty (40) hours in a workweek.

**ANSWER:**

Pall denies the allegations in Paragraph No. 34, and it specifically denies that there

remain any extant claims brought under the NYLL following the Memorandum and Order.

**COMPLAINT ¶35:**

Defendant failed to pay Plaintiff overtime wages when she worked more than 40 hours per week.

**ANSWER:**

Pall denies the allegations in Paragraph No. 35, and it specifically denies that there remain any extant claims brought under the NYLL following the Memorandum and Order.

**COMPLAINT ¶36:**

Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

**ANSWER:**

Pall denies the allegations in Paragraph No. 36, and it specifically denies that there remain any extant claims brought under the NYLL following the Memorandum and Order.

### THIRD CAUSE OF ACTION
### Unpaid Straight Wages under New York Labor Law § 191

**COMPLAINT ¶37:**

Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

**ANSWER:**

Pall repeats and incorporates by reference each and every response to each allegation and Paragraph of the Complaint above, as if fully restated here.

**COMPLAINT ¶38:**

The Defendant paid the Plaintiff only for the first 37.5 hours worked each week.

**ANSWER:**

Pall denies the allegations in Paragraph No. 38, and it specifically denies that there remain any extant claims brought under the NYLL following the Memorandum and Order.

**COMPLAINT ¶39:**

The Plaintiff worked more than 37.5 hours each week.

**ANSWER:**

Pall denies the allegations in Paragraph No. 39, and it specifically denies that there remain any extant claims brought under the NYLL following the Memorandum and Order.

**COMPLAINT ¶40:**

As a result, the Defendant failed to pay plaintiff for all regular hours worked.

**ANSWER:**

Pall denies the allegations in Paragraph No. 40, and it specifically denies that there remain any extant claims brought under the NYLL following the Memorandum and Order.

**COMPLAINT ¶41:**

The Plaintiff is entitled to straight wages for hours worked up to 40 hours weekly under NYLL § 191.

**ANSWER:**

Pall denies the allegations in Paragraph No. 41, and it specifically denies that there remain any extant claims brought under the NYLL following the Memorandum and Order.

**COMPLAINT ¶42:**

Plaintiff is entitled to recover from the Defendant her unpaid straight wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post- judgment interest.

**ANSWER:**

Pall denies the allegations in Paragraph No. 42, and it specifically denies that there remain any extant claims brought under the NYLL following the Memorandum and Order.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Unpaid overtime pay under the FLSA and the NYLL;

B. Unpaid straight wages under the NYLL;

C. Liquidated damages under the FLSA;

D. Liquidated damages under the NYLL;

E. Reasonable attorney's fees and costs of the action;

F. Prejudgment interest; and

G. Such other relief as this Court shall deem just and proper.

**ANSWER:**

The above allegations set forth Plaintiff's demand for judgment and prayer for relief, to which no response is required. To the extent a response is required, Pall denies the above allegations, and expressly denies that (i) plaintiff is entitled to judgment or any relief whatsoever, and (ii) that there remain any extant claims brought under the NYLL following the Memorandum and Order.

**AFFIRMATIVE AND OTHER DEFENSES**

In asserting these defenses, Pall does not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof. In addition, Pall reserves the right to assert additional defenses and counterclaims as facts are discovered during the course of its investigation into the allegations made in this lawsuit.

**FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff is exempt from the overtime provisions of the FLSA pursuant to the administrative and computer exemptions, among others.

**THIRD DEFENSE**

To the extent that Pall engaged in any acts or omissions found to be in violation of the law, such acts or omissions were not willful. Therefore, the FLSA statute of limitations is limited to two years.

**FOURTH DEFENSE**

Plaintiff has received full payment for all work performed. Therefore, Plaintiff's claim is moot.

**FIFTH DEFENSE**

Without admitting any wrongful conduct by Pall, if any back overtime wages are owed to Plaintiff, such overtime wages must be calculated at the rate of one-half of her regular rate of pay.

**SIXTH DEFENSE**

To the extent Plaintiff is deemed to be entitled to any relief, Pall is entitled to an offset based on the paid meal period and/or other paid break time during which Plaintiff performed no work.

**SEVENTH DEFENSE**

Plaintiff's claims for overtime are barred to the extent that they are based on noncompensable activities, including pre- and post-liminary activities and/or de minimis activities.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Pall exercised reasonable care to prevent, investigate, and promptly correct any violations of law or its payroll policies, and Plaintiff unreasonably failed to avail herself of these preventive and corrective opportunities or otherwise to avoid harm.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### TENTH DEFENSE

Pall states, in the alternative, if necessary, that its actions with respect to Plaintiff were taken in good faith in conformity with and in reliance on one or more written administrative regulations, orders, ruling approvals, interpretations, and/or administrative practices or policies pursuant to the FLSA.

### ELEVENTH DEFENSE

Defendant's acts or omissions were in good faith and Defendant had reasonable grounds for believing that its acts or omissions were not a violation of the law.  Pleading in the alternative, Plaintiff cannot recover both liquidated damages and pre-judgment interest because those forms of relief are duplicative of each other.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she has entered into or are otherwise bound by compromise, settlement, or release agreements regarding those claims,

13

including, specifically, the "Separation and General Release Agreement" executed by Plaintiff in November 2017.

## RESERVATION OF RIGHTS

Pall reserves its rights to seek leave to amend its Answer and/or raise additional defenses as may be discovered during the course of this litigation, or pursue any available counterclaims against Plaintiff based on facts learned during this litigation.

**WHEREFORE**, Pall respectfully requests that this Court enter judgment in its favor against Plaintiff as follows:

1. Dismissing the Complaint in its entirety on the merits;

2. Granting to Pall the costs and expenses of this action, including attorneys' fees; and

3. Awarding Pall such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

Defendant/Counterclaim-Plaintiff PALL CORPORATION ("Pall") brings this counterclaim against Plaintiff/Counterclaim-Defendant BARBARA J. TORTOMAS ("Counterclaim-Defendant") and alleges as follows:

## PARTIES

1. Pall is a New York corporation with a principal location of 25 Harbor Park Drive, Port Washington, New York.

2. On information and belief, Counterclaim-Defendant is a natural person residing in the County of Nassau.

## JURISDICTION AND VENUE

3. The Counterclaim arises from the same transactions at issue in Counterclaim-Defendant's Complaint in this action. The Court thus has jurisdiction over the parties and subject matter of this Complaint pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

5. Counterclaim-Defendant is a former employee of Pall.

6. Following Counterclaim-Defendant's separation, Pall and Counterclaim-Defendant entered into a "Separation and General Release Agreement" in November 2017 (the "Agreement"). A true and correct copy of the Agreement is annexed hereto as Exhibit A.

7. The Agreement was signed by Counterclaim-Defendant on November 8, 2017 and by Pall on November 9, 2017, and Counterclaim-Defendant was represented by counsel at the time she signed the Agreement.

8. The Agreement signed by Counterclaim-Defendant contains the following release of claims, providing that Counterclaim-Defendant:

> "unconditionally and irrevocably releases, waives, discharges, and gives up, to the full extent permitted by law, any and all Claims (as defined below) that [Tortomas] may have against [Pall], arising on or prior to the date of [Tortomas]'s execution and delivery of this Agreement to [Pall]. 'Claims' means any and all actions, charges, controversies, demands, causes of action, suits, rights, and/or claims whatsoever for debts, sums of money, wages, salary, severance pay, . . . arising, directly or indirectly, out of . . . common law, tort, the laws, statutes, and/or regulations of the State of New York or any other state and the United States, including, but not limited to, federal and state wage and hour laws (to the extent waivable), . . . the New York State Human Rights Law, the New York City Human Rights Law, and the New York Labor Law, . . . whether arising directly or indirectly from any act or omission, whether intentional or unintentional."

*See id.* § 2.

9. Pall is included in the "Released Parties." *See id.* § 1.

10. In addition to the release of claims, the Agreement provides that Counterclaim-Defendant will "not . . . participate in any way in the filing . . . or prosecution . . . of a proceeding

15

or Claim against any of the Released Parties" (hereinafter, the "Covenant Not to Sue"). *See id.* § 3.

11. The Agreement further provides that upon a breach of the Agreement, Counterclaim-Defendant will be required to (i) "immediately, upon written notice from [Pall], return the Severance Amount paid by [Pall] hereunder, less the greater of: (A) $500; or (B) 10% of such Severance Amount," (emphasis in original) and (ii) "pay all of the [Pall's] attorneys' fees and other costs associated with enforcing this Agreement." *See id.* § 9.

12. In consideration for executing the Agreement and agreeing to its terms, Pall paid to Counterclaim-Defendant $47,511.04. *See id.* § 4.

13. Notwithstanding the Agreement, Counterclaim-Defendant commenced this action against Pall by filing the above-referenced Complaint in or about September 2018, asserting three claims, two of which were brought under the New York Labor Law ("NYLL") for unpaid overtime and straight time.

14. However, as Pall advised Counterclaim-Defendant by letter in November 2018 and during a court hearing in June 2019, those claims were completely without merit as they had been expressly released in the Agreement. Pall further advised Counterclaim-Defendant that pursuit of those claims was in violation of the Covenant Not To Sue.

15. In July 2019, Pall moved to dismiss the Complaint based on the Agreement.

16. In a Memorandum and Order dated May 31, 2020 (the "Decision"), the Court agreed that Counterclaim-Defendant's NYLL claims lacked merit and dismissed them. *See Tortomas v. Pall Corp.*, No. 18CV5098JMASIL, 2020 WL 2933669, at *4 (E.D.N.Y. May 31, 2020) ("Plaintiff's argument is particularly absurd in light of the fact that she was a well-

16

compensated employee who released her NYLL claims in exchange for a substantial payment[, and] Plaintiff's remaining arguments concerning the NYLL are similarly meritless.")

17. The Court also found "that the release unambiguously releases Plaintiff's . . . NYLL claims. Consequently, Plaintiff's various arguments . . . are meritless, and the Court will analyze the text as it was written." *Id*. at *2.

18. As a result, by way of letter dated June 15, 2020, Pall demanded that Counterclaim-Defendant (i) return to Pall $42,759.93 (the severance amount less 10%), and (ii) pay to Pall its attorneys' fees and other costs associated with enforcing the Agreement with respect to the NYLL claims, which at that time amounted to approximately $16,752.50, and continue to accrue. A true and correct copy of the June 15, 2020 letter is annexed hereto as Exhibit B.

19. Because Counterclaim-Defendant failed to respond to the June 15, 2020 demand letter, Pall sent a communication on June 25, 2020. A true and correct copy of the June 25, 2020 correspondence is annexed hereto as Exhibit C.

20. To date, Counterclaim-Defendant has neither responded nor remitted any payment to Pall as demanded in the June 15, 2020 demand letter or otherwise.

21. Counterclaim-Defendant's commencement of this action and subsequent refusal to return to Pall monies owed is in plain breach of the Agreement.

22. Pall has suffered damages arising from Counterclaim-Defendant's breach of the Agreement, including but not limited to, monetary damages and attorneys' fees and costs in defending against this action.

23. All conditions precedent to the initiation or maintenance of this counterclaim have been met or performed.

## PALL'S CLAIM FOR RELIEF

### (Breach of Contract)

24. Pall repeats and re-alleges the allegations found in the preceding paragraphs as if fully set forth herein.

25. The Agreement, entered into by Pall and Counterclaim-Defendant, is valid and binding.

26. Pall fully performed its obligations under the Agreement.

27. In the Agreement, Counterclaim-Defendant agreed that she would "not . . . participate in any way in the filing . . . or prosecution . . . of a proceeding or Claim against any of the Released Parties."

28. Notwithstanding that promise, Counterclaim-Defendant materially breached the Agreement by bringing the present action against Pall.

29. Pall suffered damages as a result of Counterclaim-Defendant's breach, including, but not limited to, being deprived of the benefit of its bargain in the Agreement.

30. Pall has also incurred attorneys' fees and costs in connection with defending against an action asserting claims that were explicitly released by the Agreement and bringing its Counterclaim.

31. Pall will continue to incur attorneys' fees and costs for the duration of this litigation.

WHEREFORE, Pall respectfully requests that the Court enter judgment on Pall's behalf as to this Counterclaim, award it $42,759.93 plus interest, attorney's fees and costs of at least $16,752.50 plus interest, and any other such relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>July 6, 2020 | SEYFARTH SHAW LLP<br><br>By: */s/ Gina R. Merrill*<br>    Gina R. Merrill<br>    Anshel Joel Kaplan<br><br>    620 Eighth Avenue<br>    New York, New York  10018<br>    Telephone:  (212) 218-5500<br>    Facsimile:  (212) 218-5526<br>    gmerrill@seyfarth.com<br>    akaplan@seyfarth.com<br><br>Attorneys for Defendant<br>PALL CORPORATION |

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                        */s/ Gina R. Merrill*_____
                                        Gina R. Merrill